In the Matter of the Application of HORNE EQUIPMENT CORPORA-
TION (a Domestic Corporation), Petitioner, for a Certiorari Order
against JOSEPH D. McGOLDRICK, as Comptroller of The City
of New York, Respondent, to Review His Determination Denying
Petitioner's Application for Refund under Section 10 of Local
Law No. 20 (published as No. 21) of The City of New York for
the Year 1934, as Amended.*

Supreme Court, Special Term, New York County, March 30, 1938.

*Nugent & Nugent,* for the petitioner.

*William C. Chanler, Corporation Counsel [Oscar S. Cox, Frank J. Derrick* and *Bernard H. Sherris* of counsel], for the respondent.

McLAUGHLIN (CHARLES B.), J.   Section 7 of the statute imposing
a sales tax provides for a review by certiorari of a determination
by the comptroller of the amount of tax due after a hearing held by
him.   Section 10 of the same statute provides for a review by
certiorari of a determination by the Comptroller of an application
for a refund of a tax erroneously or illegally collected.   In the
court's opinion the provisions for certiorari contained in section 10
were not intended to apply to a case where the comptroller had
already held a hearing under section 7 and made a determination
which was not sought to be reviewed within the time specified in that

* Affd., 254 App. Div. 841.

section. Put somewhat differently, section 10 was intended to cover cases other than those dealt with in section 7. Proceedings to review the comptroller's denial of a refund under section 10 would not bring up for review the hearing held and determination had under section 7, but would only involve the comptroller's determination of the application for a refund under section 10. If the petitioner, which has already had a hearing resulting in an adverse determination under section 7, should be permitted to review the comptroller's determination of its refund application under section 10, the hearing and determination under section 7 would prove wholly abortive and futile.

In view of the failure to institute proceedings to review the comptroller's determination under section 7 within the time specified in said section, said determination of the tax by the comptroller became binding upon the petitioner and the latter may not, by paying the tax and then applying for a refund, obtain a second opportunity to secure a favorable decision from the comptroller and likewise extend its time to review the comptroller's ruling.

The cross-motion to dismiss the petition is accordingly granted and the application for an order of certiorari denied.